**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN EDWARD SCRUGGS, JR.,
Petitioner-Appellant,

v.

GEORGE DEEDS, Warden; JAMES S.
GILMORE, III, Attorney General of
the State of Virginia,
Respondents-Appellees.

No. 97-7156

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CA-96-735-R)

Submitted: February 10, 1998

Decided: March 17, 1998

Before NIEMEYER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

John Edward Scruggs, Jr., Appellant Pro Se. Wirt Peebles Marks, IV,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Rich-
mond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Edward Scruggs appeals from the district court's denial of relief on his 28 U.S.C.A. § 2254 (West 1994 & Supp. 1997) petition. We dismiss the appeal, although our denial of relief is on different grounds than those on which the district court relied.

I.

Scruggs challenges the Virginia Department of Corrections' (VDOC) application of Va. Code Ann. § 53.1-151(A) (Michie 1994) in calculating his parole eligibility date. Pursuant to this statute, persons entering Virginia Department of Corrections ("VDOC") custody for post-1979 felony offenses who have previously been committed to VDOC on felony charges are classified as first, second, third, or fourth term felons, according to the number of prior commitments. See Va. Code Ann. § 53.1-151(A). This classification, termed an inmate's "felon term indicator" ("FTI") determines what percentage of his sentence an inmate must serve before becoming eligible for discretionary parole. See id. A first commitment to VDOC custody results in an FTI of 1, a second commitment in an FTI of 2, and so on. See id.

In 1974, a Virginia state court convicted Scruggs of burglary, and he was released on parole one year later. Over the course of several months in 1985 Scruggs was convicted of and sentenced to VDOC custody for several additional crimes, including grand larceny and grand larceny by check. The state court suspended the execution of part of Scruggs' grand larceny sentence ("1985 suspended sentence"). Scruggs was released on parole in 1988. On June 6, 1990, Scruggs was arrested on additional felony charges, and on February 19, 1991, he was convicted of eleven counts of fraud and obtaining merchandise by false pretenses, resulting in Scruggs' third commitment to VDOC

2

custody. On August 30, 1991, as a result of his 1990 and 1991 convictions, Scruggs' 1985 suspended sentence was revoked.

VDOC categorized the revoked portion of Scruggs' 1985 suspended sentence as FTI-3 under § 53.1-151(A). VDOC maintains that any sentence which is suspended is not a final judgment and does not become active until it is executed; accordingly, because the imposition of the 1985 suspended sentence did not occur until 1991 when Scruggs was returning to VDOC custody on his third commitment, VDOC classified the 1985 suspended sentence as FTI-3.

Scruggs filed a petition for a writ of habeas corpus in state court in 1995. He challenged his designation by VDOC as FTI-3 for the 1985 suspended sentence. Scruggs asserted that because he was only categorized as FTI-2 in 1985, his parole eligibility upon the 1985 suspended sentence must be calculated based on his 1985 FTI of 2. The state court denied Scruggs' petition. Scruggs' petition for review with the Supreme Court of Virginia was denied without discussion.

Scruggs then filed this 28 U.S.C.A. § 2254 petition, contending that VDOC violated his constitutional rights under the Ex Post Facto and Due Process Clauses by designating him as an FTI-3 for the 1985 suspended sentence. The magistrate judge recommended that Scruggs' petition be denied, and the district court adopted the magistrate's recommendation. However, the district court found that VDOC classified Scruggs as FTI-2 for the 1985 suspended sentence, not FTI-3, and thus that Scruggs' claim on this ground was unfounded. This appeal followed.

II.

Our review of the record reflects that VDOC categorized Scruggs as FTI-3 for purposes of determining his parole eligibility on the 1985 suspended sentence under § 53.1-151(A). Further, in light of the Supreme Court of Virginia's summary dismissal of his petition, we conclude that Virginia courts have adopted VDOC's interpretation of § 53.1-151(A). When faced with a question regarding the proper interpretation of a state statute, the court must defer to the interpretation given to that statute by the courts of that state. See Vann v. Angelone, 73 F.3d 519, 523 (4th Cir. 1996). Thus, this court takes

3

§ 53.1-151(A) as the state courts have interpreted it, and determines whether that statute, as so interpreted, places Scruggs in custody in violation of the United States Constitution. See 28 U.S.C.A. § 2254(a).

Because Scruggs makes no claim that § 53.1-151(A) was any different on the day of the conviction resulting in the 1985 suspended sentence than it is today, his ex post facto claim must fail. See Weaver v. Graham, 450 U.S. 24, 30 (1981) ("Critical to relief under the Ex Post Facto Clause is . . . the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated"). Likewise, VDOC has not deprived Scruggs of due process. State law creates any liberty interest Scott has in parole. See Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991); Franklin v. Shields, 569 F.2d 784, 790 (4th Cir. 1978). Our role is merely to ensure that state-created rights have not been "arbitrarily abrogated." See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Because VDOC interprets § 53.1-151(A) consistently with respect to suspended sentences, it has not "arbitrarily" denied Scruggs any statutory right.

Accordingly, although we find that the district court was incorrect in its determination that VDOC classified Scruggs as FTI-2 for purposes of determining his parole eligibility on the 1985 suspended sentence, we nevertheless deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4